FULL NAME

JAIME MARCELO

COMMITTED NAME (if different)

N/A

FULL ADDRESS INCLUDING NAME OF INSTITUTION

Chuckawalla Valley State Prison

P.O. Box 2349, Blythe, CA. 92226

PRISON NUMBER (if applicable)

AW4356

FILED
CLERK, U.S. DISTRICT COURT

MAY 1 0 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JAIME MARCELO

PLAINTIFF,

v.

ORRY MARCIANO, Beatres
Kimberly Sibel

DEFENDANT(S).

CASE NUMBER

5:17-CV-00612-ODW-FFM

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☑ No

2. If your answer to "1." is yes, how many?  ___N/A___

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

---

a. Parties to this previous lawsuit:
Plaintiff _____

_____ N/A _____

Defendants _____

_____ N/A _____

b. Court _____

_____ N/A _____

c. Docket or case number _____ N/A _____

d. Name of judge to whom case was assigned ____ N/A _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) ____ N/A _____

f. Issues raised: _____ N/A _____

_____

_____

g. Approximate date of filing lawsuit: ____ N/A _____

h. Approximate date of disposition ____ N/A _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _____ JAIME MARCELO _____
                                                        (print plaintiff's name)

who presently resides at _Chuckawalla Valley State Prison, P.O. Box 2349, Blythe, CA. 92226_
                                        (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____ C.V.S.P. Blythe City, Riverside CA. _____
                    (institution/city where violation occurred)

**CIVIL RIGHTS COMPLAINT**

on (date or dates) _____ , _____ , _____

              (Claim I)              (Claim II)            (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _ORRY MARCIANO_ resides or works at
       (full name of first defendant)
    _C.V.S.P. P.O. Box 2349, Blythe, CA. 92226_
    (full address of first defendant)
    _PHYSICIAN ASISTANT / PRIMARY CARE DOCTOR_
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑individual ☑official capacity.

Explain how this defendant was acting under color of law:
_Discrimination of my disability as diabetic that sent me again in Blythe Hospital march 2016 I was in severe pain because of that medicine that he prescribe and damaged my kidney (get infected)_

2. Defendant _BeaTres_ resides or works at
       (full name of first defendant)
    _C.V.S.P. P.O. Box 2349, Blythe, CA. 92226_
    (full address of first defendant)
    _LVN_
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑individual ☑official capacity.

Explain how this defendant was acting under color of law:
_She think that I am crazy because I kept on complaining about my Physical condition and she always said stop complaining take Tylenol & yelling at you making you miserable._

3. Defendant _Kimberly Sibel_ resides or works at
       (full name of first defendant)
    _C.V.S.P. P.O. Box 2349, Blythe, CA. 92226_
    (full address of first defendant)
    _WARDEN_
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑individual ☑official capacity.

Explain how this defendant was acting under color of law:
_she is not concern of her responsibilities, she knows whats going on here in c yard, but instead she leave her office and get promoted by CDCR and moved to another Facilities. We have new Warden mr calleham and yet we still don't have Regular Real Docter & (nurses) staff here in c yard chime that knows their Job and understand how important is the Operational Procedure (OP) that's the reason why one inmate died here in c yard because they don't know their responsibilities. We are overcrowding here now because of the out of state coming back._

4. Defendant ___M. Lee___ resides or works at
(full name of first defendant)

___C.V.S.P. , P.O.Box 2349 , BlyThe, cA. 92226___
(full address of first defendant)

___CHEIF medical officer___
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual  ☑ official capacity.

Explain how this defendant was acting under color of law:

OCT. 2015 I was complaining of my severe Pain (Throat) I can't even swallow my Food and can't even breath he kept on denying and discrimination of my disability as diabetic, I called men down I almost die sent me to San Diego Hospital ER with IV 5 days in the hospital.

5. Defendant _____ resides or works at

(full name of first defendant)

_____

(full address of first defendant)

_____

(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

## D. CLAIMS*

### CLAIM I

The following civil right has been violated:

1) Violation of my Constitutional Rights
   a) Americans with Disabilities Act
      42 U.S. Code, 12101 - 12213
      Armstrong V. Davis court Ordered Remedial Plan
      California Code of Regulations (CCR), Title 45
   b) Discrimination of my disability
   c) Delaying and denying of my medical needs
      that damaged my Physical body as Follows:
      1) Traumatized
      2) Deteriorated
      3) Physically & mentally Abused (Kidney got infected)
   d) Cruel and unusual Punishment

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Orry Marland — He Prescribe medicine like Metformin two thousand Plus dosage a day and some other's medicine that doesn't help me but instead destroyed my Kidney and he never change it but continuing giving that medicine until now and never sees him for two months.

Beatrice — She is not doing her right Job as LVN but kept on telling you stop complaining Just take tylenol & denying my medical needs.

Kimberly Sibel — She Just leave her office and I heard that CDCR Promoted her and moved her to another Facilities. no concern about her responsibilities here as warden.

M. Lee — as chief medical officer. He is responsible of what happened to me in B yard Oct 2016 that I was in severe pain can't breath even swallow my food (throat pain) sugar get high & blood pressure that sent me in San Diego Hospital ER for 5 days because of Discrimination of my disability as Diabetic.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

I do believe that I am entitled of relief and I'm seeking help from your Prestigious office for all the damages they'd did to me. I'd experienced tragedy twiced in my life that I almost die in B yard and here in c yard that I couldn't breath even swallow my food because of my throat (severe pain) high blood presure went high and blood sugar also, Twiced they'd sent me to the Hospital ER San Diego and Blyth, Oct 2015 & march 2016 because of Discrimination of my disability as diabetic I ended up in Hospital Five days, It was a scary moment and sad to say my kidney get damaged and infected, that's why I get a new medicine that they prescribe for my kidney (attached copies). I am now traumatized, deterriorated Physically & mentally abused by them, that's why I filed this Amended complaint because they'd damaged my Physical body and I will not stop in seeking Justice in your good office until they will settle (CDCR) all the damages they did to me. I can't even sleep well at night and I don't know what will happen two or three years from now and I kept on thinking & concern about the future of my children fulfilling their dreams to have a degree in college and that bothers me so much and God knows that I was wrongfully convicted and I challenge that in my writ of Habeas corpus. (northern District). I'm hoping and praying to God Almighty that your Prestigious office will accommodate my Amended complaint so that Justice will prevail for the better of our country whom we dearly love. We will Join hands together and make America great again.

_5-7-17_
(Date)

_[signature]_
(Signature of Plaintiff)



*From CHRISTH DHOTHEY DONNY, Cambodian*



## PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Rebekah Evenson
Steven Fama
Penny Godbold
Alison Hardy
Corene Kendrick
Kelly Knapp
Millard Murphy
Lynn Wu

*Your Responsibility When Using the Information Provided Below:*

*When we wrote this informational material we did our best to give you useful and accurate information. We know it can be hard for prisoners to get information about the law, and we cannot provide specific advice to all prisoners who request it. The laws can change and sometimes can be interpreted in different ways. We cannot always revise this letter every time the law changes. If you use this information, it is your responsibility to make sure it applies to you and that the law has not changed. Most of the materials you need should be available in your institution law library.*

## CALIFORNIA'S PRISON CROWDING REDUCTION PLANS and CREDIT LAWS
### (Updated March 16, 2016) ★
### Includes information about second-strike early parole consideration
### and 2-for-1 credits for all minimum custody prisoners ★

We send this letter because you asked for information about the plans to reduce California's prison population, or about how the prison credit laws apply to you.

California must reduce its prison population because the United States Supreme Court said that the ★ crowding caused unconstitutional medical and mental health care in the prisons. *Brown v. Plata*, 563 U.S. 493, 131 S. Ct. 1910, 179 L.Ed.2d 969 (2011). The Supreme Court decision, which approved an order issued in 2009 by a three-judge federal court, requires the State to reduce crowding to 137.5 percent of design bed capacity.

The federal court order required CDCR to reduce crowding to 137.5% of design capacity by February 28, 2016. That order applied only to the 34 CDCR prisons as a group, not individually. So long as the statewide average is at or below 137.5%, individual prisons, yards, and buildings can be more crowded. CDCR met the February 28, 2016 deadline. Currently, the prison population is at approximately 135% of capacity.

**The court order requiring CDCR's population to be no more than 137.5% of capacity remains in effect, as do all time credit changes and other measures that CDCR is implementing to reduce the prison population.** On March 4, 2016, the federal court stated that it would continue to supervise this case – meaning that the population cap stays in place, and CDCR still has to submit monthly reports – until CDCR has a "firmly established" and "durable" plan to keep the prison population at or below 137.5% of capacity. CDCR has said that a durable remedy will be established if Governor Brown's Public Safety and Rehabilitation" initiative is passed by voters in November 2016. ★ (It is not known whether that initiative will be on the November 2016 ballot, or whether it will pass. For more information, please write to our office and ask for information about the "Brown Initiative.")

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President
Marshall Krause, Treasurer • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts



*Prison Law Office*
*Prison Crowding Reduction and Credit Laws Information Letter (Updated March 16, 2016)*

- After referral of a prisoner by the UCC, the BPH will decide whether to grant parole based on whether the prisoner would pose an unreasonable risk to public safety.  <u>After the classification hearing, the prisoner can send a letter or written statement to BPH, explaining why he or she should be paroled. The letter or statement must be received within 30 days of the classification hearing.</u>  BPH will also ask for information from the district attorney of the county from which the prisoner was sentenced, and from any victim registered with the State.  The BPH will also consider "all relevant information" including that found in the prisoner's CDCR central file and "written statements from interested parties." The BPH decision will be made by a hearing officer, but there will be no hearing.

- The BPH hearing officer must make the parole decision within 50 days of the UCC referral if the prisoner has already served 50% of the sentence.  If the prisoner has not yet reached the 50% time served date, the decision must be made 60 days before that date.  A written decision will be issued and a copy given to the prisoner by the prisoner's correctional counselor.

- If BPH grants parole, the prisoner must be released within 50 days of the decision, although the BPH can change its mind about parole during that period.  Second-strikers denied parole by BPH will be considered for referral back to BPH for parole consideration at their next annual ICC classification review.

CDCR has told the federal three-judge court that as of February 29, 2016, almost 6,300 NVSS prisoners had been referred to BPH for parole consideration, with 1,965 approved for release, 1,847 denied release, and the rest pending a decision.

■ <u>**Additional credits for minimum custody prisoners (started January 1, 2015)**</u>

The February 2014 court order requires the State to increase credits prospectively for minimum custody inmates "to the extent such credits do not deplete participation in fire camps."  CDCR had told the federal court that it would not increase time credits for those prisoners because it had determined that giving minimum custody prisoners 2-for-1 credits would deplete participation in fire camps.  On September 16, 2014, the Prison Law Office and other lawyers for the prisoners filed a motion asking the federal three-judge court to order CDCR to increase credits for minimum custody prisoners.

After the motion was filed, CDCR on December 12, 2014 agreed to grant two-for-one credits to <u>all</u> prisoners who are designated as Minimum Custody A or Minimum Custody B who are currently eligible to earn day-for-day credits (50%).  This new credit measure was implemented on January 1, 2015, and is prospective only (meaning increased credits will be earned only on days served after 1/1/15).  <u>On June 5, 2015, CDCR issued a memorandum changing policy so that prisoners previously excluded from Minimum Custody because of a medical or mental health condition can now be made Minimum Custody or get 2-for-1 credits.  If we thought information about this new program would help you, we include it here.  If we do not include such information and you want it, please write and we will send it to you.</u>

CDCR has told the federal court that so far approximately <u>8,400 prisoners have been released</u> early because of <u>expanded 2-for1 credits</u> for those classified as minimum custody.



CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE PRIORITY PASS**

OTRR314

| INMATE'S NAME | CDC# | HOUSING AREA |
|---|---|---|
| Marcelo, Jaime | AW4356 | C 004 - 012006L |
| ISSUED BY | ISSUE DATE | |
| U. UNKNOWN | 03/30/2017 | |
| APPT. LOCATION | APPT. DATE | APPT. TIME |
| C Lab Medical | 04/03/2017 | 06:25 |
| TYPE / REASON | | |
| Allied Services | | |
| ARRIVAL TIME | | RECORDED BY: |
| DEPART TO: | DEPART TIME: | RECORDED BY: |

JAIME MARCELO
AW4356

**YOUR TEST RESULTS HAVE BEEN EVALUATED AND THE FOLLOWING HAS BEEN DETERMINED:**

A chronic care appointment has been scheduled for you.  You will be receiving a ducat indicating your appointment time.

Orry Marciano        April 16, 2017

Name: MARCELO, JAIME          Page 1 of 1          DOB: 2/11/1980

JAIME MARCELO
AW4356

**YOUR TEST RESULTS HAVE BEEN EVALUATED AND THE FOLLOWING HAS BEEN DETERMINED:**

A chronic care appointment has been scheduled for you.  You will be receiving a ducat indicating your appointment time.

Orry Marciano          April 05, 2017

## Help is Available Anytime!

The CDCR Mental Health Services Delivery System provides mental health services to all inmates. Mental health services are private and can help you when you don't know where else to turn. Our trained clinical staff are available for:

- Dealing with Change
- Adjustment & Transition Issues
- Crisis Counseling
- Medication Services
- And much more

You are not alone! We are here to offer help & hope for a better today and future.



**CONTACT**
**Mental Health**

## What You Should Know:

- **You are not alone!**
  Though sometimes you may feel like you are. Many people experience hard times and help is available.

- **Think before you act.**
  There are other options.

- **Keep yourself and your surroundings safe.**
  For example, avoid drugs, alcohol and/or storing up your medicine because they can make you feel worse and not think clearly.

- **Take all your medication as prescribed.**
  Don't stop or make changes to your medications unless you and your doctor decide this together.

- **Take only the medications that your doctor has prescribed to you.**

- **Know when you are not doing well and need help.**
  Make a list of how you are feeling and discuss it with someone you trust, like your primary clinician or psychiatrist.

- **Talk to someone you trust!**
  There are people who can help and support you.

**CONTACT**
**Mental Health**

## Warning Signs:

- Using alcohol, drugs and other substances to cope
- Feeling trapped
- Feelings of shame and/or guilt
- Feelings of anger and/or rage
- Feelings of depression and/or anxiety
- Recklessness—feeling you have nothing to lose
- Receiving bad news, such as getting more time, learning an appeal was denied, or something from home
- Feeling isolated or alone (divorce, a death of a loved one, or news of an illness)
- Getting a serious medical diagnosis or chronic pain
- Being placed in administrative segregation
- Poor sleep
- Not enjoying things you used to like to do

### The following are very serious warning signs:

- Feelings of wanting to die or not wake up
- Hearing voices or seeing things that others don't
- Feeling unbearable emotional or physical pain
- Making plans to kill yourself
- Sleeping all the time or not sleeping at all
- Saying "goodbye" to loved ones — writing letters
- Giving your personal property away

**CONTACT**
**Mental Health**



*Lonely?*

*Helpless?*

*Fearful?*

*Family Support?*

*Loss?*

*Shame?*

*Depressed?*

*Guilt?*

*Confused?*

*There is Hope & Help*

*Mental Health Program*

*CDCR*

## True or False?

You can't stop people who want to kill themselves.

**_False_**

Most people who are suicidal do not really want to die, they just want their pain to stop.

**_True_**

Talking about suicide will only make it worse.

**_False_**

Talking through feelings and what you are going through can help you realize your need for help.

**_True_**

If I tell someone I need help, they will put me in the mental health program forever.

**_False_**

We all need some help when going through a rough time. Short term and long term help is available to you.

**_True_**

**CONTACT**
**Mental Health**



## When you need help:

- Help is available
- Talk with someone you trust or feel close to
- Keep taking all of your prescribed medications
- Be direct, open, and honest about your problems
- Go to medical and mental health appointments
- Tell staff you are having a hard time

## Please talk to Mental Health Staff:

- Contact any custody officer
- Contact any medical staff member
- Contact any mental health staff member
- Complete a CDCR 7362 (Health Care Services Request form)

**CONTACT**
**Mental Health**

AW4356

MARCELO, JAIME
glipiZIDE 10 mg tablet

APOTE-X CO-RP

Take 1 tablet by mouth daily for 120 days

KOP
#30.00
2 REFILLS 6(TMIN)
60505-0142-01
SIDE 1 'APO'   round white
SIDE 2 'GLF 10'

C 008 1012006L
generic for GLIPIZIDE

RX.390402427

DISP
EXP

PROD.EXP

Dr R. ANG-MD
Chuckawalla Valley State Prison
19025 Wiley's Well Road   P.O. Box2289   Blythe, CA 9222

---

AW4356

MARCELO, JAIME
LISINOPRIL 5 MG TABLET

LUPIN- PHA-RMACEU

Take 1 tablet by mouth daily for 120 days

May cause dizziness

Read the lowest
warning information
for this medication

KOP
#30.00
2 REFILLS 6(TMIN)
68180-0513-06   round pink
SIDE 1

C 008 1012006L

RX.390400253

DISP
EXP

PREGN

PROD.EXP

Dr R. ANG-MT
Chuckawalla Valley State Prison
19025 Wiley's Well Road   P.o. Box2289   Blythe, CA 92229

AW4356

**MARCELO, JAIME**
**glipiZIDE 10 mg tablet**

APOTE-X CO-RP

**Take 1 tablet by mouth daily for 120 days**

KOP
#30.00
60505-0142.01
SIDE 1 "APO"

C 008 1012006L
2 REFILLS  40MIN/
round white

RX. 350402423
DISP
EXP

generic for GLIPIZIDE

SIDE 2 "GLP 10"

This medication can
be inject/ingest if no skip
make or donut cut regularly

Dr R ANG-MD
Chuckawalla Valley State Prison
19025 Wiley s Well Road   P.o Box2289   Blythe, CA 9222

PPOD EXP

---

AW4356

**MARCELO, JAIME**
**LISINOPRIL 5 MG TABLET**

LUPIN- PHA-RMACEU

**Take 1 tablet by mouth daily for 120 days**

KOP
#30.00
68180-0513.05
SIDE 1

C 008 1012006L
2 REFILLS  40MIN/
round pink

RX. 390400253
DISP
EXP

May cause dizziness

Read the bowel
worning informatation
for this medication

PREGNA

Dr R ANG-MT
Chuckawalla Valley State Prison
19025 Wiley s Well Road   P o Box2289   Blythe, CA 92229

Case: 5:17cv0612  Doc: 5

Jaime  Marcelo No.AW4356
Chuckawalla Valley State Prison
PO Box 2349
Blythe, CA 92226

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov
Message-Id:<23342029@cacd.uscourts.gov>Subject:Activity in Case 5:17-cv-00612-ODW-FFM
Jaime Marcelo v. Orry Marciano et al Order Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.

## UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 4/12/2017 at 4:36 PM PDT and filed on 4/12/2017

| | |
|---|---|
| **Case Name:** | Jaime Marcelo v. Orry Marciano et al |
| **Case Number:** | 5:17-cv-00612-ODW-FFM |
| **Filer:** | |
| **Document Number:** | 5 |

**Docket Text:**
**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND by Magistrate Judge
Frederick F. Mumm: (see attached) For the foregoing reasons, the Court dismisses the
Complaint. Plaintiff is granted leave to file an amended pleading curing the above-cited
deficiencies within 30 days of the date hereof. The Court informs plaintiff that if he does not file
an amended pleading within the time provided, the Court will recommend that this action be
dismissed without prejudice.(jm)**

**5:17-cv-00612-ODW-FFM Notice has been electronically mailed to:**
**5:17-cv-00612-ODW-FFM Notice has been delivered by First Class U. S. Mail or by other means
BY THE FILER to :**
Jaime Marcelo
No. AW4356
Chuckawalla Valley State Prison
PO Box 2349
Blythe CA 92226

FILED
CLERK, U.S. DISTRICT COURT

APR 1 2 2017

CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAIME MARCELO,                     )      No. EDCV 17-612 ODW (FFM)
                                   )
            Plaintiff,             )
                                   )      ORDER DISMISSING COMPLAINT WITH
      v.                           )      LEAVE TO AMEND
                                   )
ORRY MARCIANO, MS. BEATRES,        )
KEMBERLY SIBEL,                    )
                                   )
            Defendants.            )
_____   )

## I. PROCEEDINGS

On March 30, 2017, plaintiff, who is currently incarcerated at Chuckawalla

Valley State Prison ("CVSP") in Blythe, California, filed a complaint (the

"Complaint") under 42 U.S.C. § 1983 ("Section 1983"), and an application to proceed

*in forma pauperis* ("IFP"). (Docket Nos. 1-2.) Plaintiff alleges that several

employees of CVSP failed to provide him with adequate medical treatment. (*See*

Complaint.)

In accordance with subsection (b) of 28 U.S.C. § 1915A ("Section 1915A"), the

Court has screened the Complaint to determine whether the action fails to state a claim

on which relief may be granted. For the reasons set forth below, the Court determines

that plaintiff's claims are subject to dismissal.

/ / /

/ / /

## II. ALLEGATIONS

Defendant Orry Marciano, a CVSP physician's assistant, does not give instructions when he provides medication. (Complaint at 5.) Marciano increased the dosage of the medication that caused plaintiff's kidney infection. (*Id.*) Defendant "Mrs. Beatres," a CVSP LVN, does not care about inmates' medical needs and shows no compassion at all. (*Id.*) Because of her attitude, inmates are reluctant to seek medical care. This causes a delay in the provision of medical care to them. (*Id.*) Defendant Kemberly Seibel, the CVSP warden, quit her job after causing damages in C-yard. (*Id.*) Marciano quit his job as well. (*Id.*) On March 23, 2017, an inmate died because of negligence and delay in the provision of healthcare. (*Id.*) Plaintiff's physical condition is deteriorating because of his kidney infection. (Complaint at 6.)

Plaintiff alleges that defendants wrongfully delayed the provision of medical care, violated his constitutional rights, and violated his rights under the ADA. (Complaint at 5.) He further alleges that defendants are liable for negligently prescribing medicine. (*Id.*) Plaintiff sues defendants in their individual and official capacities. (*Id.* at 3.)

## III. ANALYSIS

A.   Standard of review.

Dismissals for failure to state a claim under Section 1915A use the same standards as those applied to dismissals under Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). As to factor (2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In turn, to state a Section 1983 claim, a plaintiff must allege facts sufficient to show: "(1) the defendants acted under color of law, and (2) their conduct deprived [the plaintiff] of a constitutional right." *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011) (internal quotation marks omitted).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  Finally, *pro se* litigants in civil rights cases should be given leave to amend their pleadings unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000).

B.    Delay or denial of adequate medical care.

Reading the Complaint liberally, plaintiff alleges that defendants violated his Eighth Amendment right to adequate medical care.  An Eighth Amendment medical needs claim requires a showing of (1) a serious medical need, and (2) a deliberately indifferent response by the defendant. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  A "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury" or the "unnecessary and wanton infliction of pain." *Id.* (internal quotation marks omitted); *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 946, 190 L. Ed.

2d 829 (2015). Here, plaintiff's allegation that he has a kidney infection arguably states that he has a serious medical need.

The deliberate indifference standard is met by showing (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. *Jett*, 439 F.3d at 1096; *Peralta*, 744 F.3d at 1081. With respect to the purposeful nature of the act, deliberate indifference requires a showing officials were aware of serious risk of harm to plaintiff, but disregarded it. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

Plaintiff does not allege facts from which deliberate indifference can reasonably be inferred. The mere fact that Marciano prescribed medication that caused or worsened plaintiff's kidney infection does not show that Marciano was aware of, but disregarded, a serious risk of harm to plaintiff. Nor does the mere fact that Marciano failed to provide medication instructions show deliberate indifference. In addition, to the extent plaintiff seeks to hold Marciano liable for the negligent prescription of medication, his Eight Amendment claims fails. An "inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983."[1] *Jett*, 439 F.3d at 1096 (internal quotation marks omitted).

Furthermore, Mrs. Beatres' uncaring attitude fails to rise to the level of a constitutional wrong. A person can be held liable under Section 1983 only for her acts and omissions. A person cannot be held liable solely for her attitude or demeanor. *See Stein*, 662 F.3d at 1118; *see also Jett*, 439 F.3d at 1096. Without factual allegations showing a specific wrongful act or omission by Mrs. Beatres, plaintiff's Eighth Amendment claim against her must fail.

---

[1] To the extent plaintiff seeks to bring a negligence claim under California common law, such a claim would be subject to dismissal, as the Complaint currently does not state any claims under federal law. *See* discussion, *supra and infra*; *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (where federal court has pendent jurisdiction over state law claims, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well").

1    Finally, the allegation that Siebel and Marciano quit their jobs after causing

2 harm at CVSP does not state an Eighth Amendment claim.  Plaintiff alleges no facts

3 showing that Siebel and Marciano had a duty to continue their employment after

4 causing harm. *See Johnson*, 588 F.2d at 743.  Nor does plaintiff allege facts from

5 which it can reasonably be inferred that quitting their jobs resulted in harm to

6 plaintiff.[2]

7    For the foregoing reasons, plaintiff fails to state an Eighth Amendment medical

8 needs claim.  As it appears that plaintiff may be able to cure the above-cited

9 deficiencies by amendment, the Court will grant plaintiff leave to amend.

10 C.    The ADA.

11    The factual basis of plaintiff's ADA claim is unclear.  Reading the Complaint

12 liberally, plaintiff may be alleging that his kidney infection constitutes a disability and

13 defendants violated the ADA by failing to provide him with adequate treatment.

14 These allegations are insufficient.  In order to state a claim under the ADA, plaintiff

15 must demonstrate that:  (1) he is a qualified individual with a disability; (2) he was

16 denied benefits of a public entity's services, programs or activities; and (3) such denial

17 of benefits was because of his disability. 42 U.S.C. § 12132; *Weinreich v. Los*

18 *Angeles*, 114 F.3d 976, 978 (9th Cir. 1997).  A disability, within the ADA's meaning,

19 is an impairment that substantially limits at least one major life activity. 42 U.S.C. §

20 12102.

21    Here, plaintiff alleges no facts plausibly suggesting that his kidney infection

22 / / /

23 / / /

24 _____

25  [2] Plaintiff alleges in addition that other inmates suffered harm from the delay or
denial of adequate medical care.  It is unclear whether plaintiff bases any of his claims

26 on such allegations.  Out of an abundance of caution, the Court informs plaintiff that
he does not have standing to seek relief for harm inflicted on other inmates.  In

27 addition, as a *pro se* plaintiff, he cannot pursue claims on behalf of others in a

28 representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir.
2008).

1   substantially limits at least one major life activity.  Furthermore, he alleges no facts

2   plausibly suggesting that (1) defendants denied him the benefits of any service,

3   program, or activity at CVSP, and (2) such denial was because of his kidney infection.

4        Accordingly, plaintiff fails to state an ADA claim.  Moreover, the Court is

5   doubtful of plaintiff's ability to cure the deficiencies cited above.  However, because it

6   is not absolutely clear that plaintiff cannot state an ADA claim, the Court will grant

7   plaintiff leave to amend.

8   D.    Official capacity liability.

9        Plaintiff sues each defendant in his or her individual and official capacities.

10  (Complaint at 3.)  Official capacity suits against state agency officials are the same as

11  suits against the agency itself.  Therefore, in order to maintain an official capacity suit

12  against an individual, a plaintiff must allege facts showing that the deprivation at issue

13  was caused by a custom, policy, or practice of the agency.  *Monell v. Department of*

14  *Soc. Servs.*, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Plaintiff

15  does not allege any facts plausibly suggesting that defendants acted pursuant to a

16  custom, policy, or practice of CVSP.

17       Accordingly, plaintiff's official capacity suit against defendants is subject to

18  dismissal.  As it may be possible for plaintiff to cure this deficiency, the Court will

19  grant plaintiff leave to amend.

20  E.    Rule 10.

21       Under Federal Rule of Civil Procedure 10, a plaintiff must name each defendant

22  in his caption.  Fed. R. Civ. P. 10(a); *see also* Local R. 11.3-8(d).  Plaintiff fails to do

23  so in the Complaint.  (*See* Complaint at 1.)  Upon amendment, plaintiff must include

24  the names of each defendant in the caption of his pleading.

25  / / /

26  / / /

27  / / /

28  / / /

## IV.  CONCLUSION

For the foregoing reasons, the Court dismisses the Complaint.  Plaintiff is granted leave to file an amended pleading curing the above-cited deficiencies within 30 days of the date hereof.  The Court informs plaintiff that if he does not file an amended pleading within the time provided, the Court will recommend that this action be dismissed without prejudice.

DATED: April *12*, 2017

FREDERICK F. MUMM
United States Magistrate Judge

FR: JAIME MARCELO CDC# AW4356
C8-12-6L
Chuckawala Valley State Prison
P.O. Box 2349
BLythe, CA. 92226

RECEIVED
CLERK, U.S. DISTRICT COURT

MAY 10 2017

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

LEGAL MAIL

ATTN: CLERK of The CourT
U.S. DISTRICT CourT
CENTRAL DISTRICT of CALIFORNIA
312 North SPRING STReeT, Rm G8
Los Angeles, CA. 90012