| | |
|---|---|
| JAIME MARCELO,<br><br>                        Plaintiff,<br><br>        v.<br><br>ORRY MARCIANO, et al.,<br><br>                        Defendants. | Case No. 5:17-cv-00612-ODW (SHK)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT RULES AND FAILURE TO PROSECUTE** |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## I.   BACKGROUND AND SUMMARY OF ORDER

On May 10, 2017, Plaintiff Jaime Marcelo ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a First Amended Complaint ("FAC") against the medical staff and the warden of Chuckawalla Valley State Prison ("CVSP") for violations of the Americans with Disabilities Act ("ADA") and the Eighth Amendment.  Electronic Case Filing Number ("ECF No.") 7, FAC.  Specifically, Plaintiff alleges two members of the prison medical staff, Orry Marciano and Beatrice Imakando, the Chief Medical Officer of CVSP identified only as "Lee," and warden Kimberly Siebel (collectively, "Defendants"), discriminated against Plaintiff on the basis of his disability and delayed or denied him adequate medical care.  Id.  Plaintiff sued all Defendants in their official and individual capacities.  Id.

at 3-4.  Defendants Marciano, Imakando, and Lee filed a Motion to Dismiss on September 5, 2017, followed by another Motion to Dismiss filed on behalf of the aforementioned Defendants and Defendant Seibel on September 11, 2017.  ECF No. 15, Ntc. of Mot. and Mot. to Dismiss Plaintiff's Claims Against Defendants Marciano, Ms. Beatres, and Lee; ECF No. 18, Ntc. of Mot. and Mot. to Dismiss Plaintiff's Claims Against Defendants Marciano, Ms. Beatres, Lee, and Seibel.

On August 14, 2018, the Court issued an order granting Defendants' Motions to dismiss Plaintiff's Complaint, without prejudice, and granted Plaintiff one final opportunity to amend his pleading ("ODLA") by September 4, 2018, which was 21 days after the ODLA issued.  ECF No. 37, Order at 2.  As of the date of this Order, Plaintiff has neither filed an amended complaint nor requested an extension of time to file an amended complaint.

In light of Plaintiff's failure to prosecute this matter diligently, the Court **DISMISSES** Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b), without prejudice, for unreasonable delay in prosecuting this action in violation of Local Rule 41-1.

## II. DISCUSSION

### A. Plaintiff's Action Is Dismissed For Want of Prosecution.

#### 1. Applicable Law

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'"  Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (citation omitted).  It is well-settled, however, that the Court has the "inherent power" to dismiss an action under Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order.  Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (citation omitted); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986).  Further, Local Rule 41-1 provides

that cases "pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."

In deciding whether to dismiss for failure to prosecute or to comply with a Court order, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (citation omitted); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

### 2. Analysis

Here, all five Omstead factors weigh in favor of dismissal.

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to file an amended complaint to cure the deficiencies has stalled the litigation and impeded the Court's ability to efficiently address the cases before it. Accordingly, litigation of this matter, and this Court's management of its docket, has been, and will continue to be, delayed.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. Generally, there is a rebuttable presumption of injury upon the defendant when the plaintiff unreasonably delays his or her prosecution of an action. In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994). Here, Defendants have been served and timely filed Motions to Dismiss. Consequently, Defendants have been presumptively been prejudiced.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not fulfilled his responsibility to promptly cure the deficiencies in his

3

pleading or to otherwise communicate with the Court regarding extensions of time. Under such circumstances, the policy which favors resolution on the merits does not outweigh Plaintiff's failure to prosecute or obey this Court's orders. Id.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Although dismissal may appear to be a drastic sanction, the Court cannot dispose of Plaintiff's action without his participation or compliance to the Court's orders. Plaintiff's refusal to comply with this Court's Orders and the Local Rules compels the conclusion that Plaintiff has abandoned this action. Nonetheless, the Court is dismissing this claim without prejudice to afford Plaintiff another opportunity to pursue his legal claims, should he choose to do so. Consequently, no less drastic sanctions are available here.

Accordingly, because the consideration of the Omstead factors weigh in favor of dismissal and demonstrate an unreasonable delay, this action is dismissed for want of prosecution.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that this action be **DISMISSED**, without prejudice.

Dated: September 25, 2018

HONORABLE OTIS D. WRIGHT, II
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge